Brassard, J.
After hearing and review of the papers, defendant Cornelius Murray’s (hereinafter, “defendant’s”) motion to dismiss is denied. If the facts set forth in plaintiffs complaint are proven at trial, defendant may be liable for breach of fiduciary duty.
Defendant is an outside trustee for a trust which holds the majority of the shares of a family-run, close corporation. Pursuant to the trust instrument, one family member and one non-family member were appointed as co-trustees after the death of the donor. The family member trustee retains the sole authority to direct the trustees in control, including voting, of the corporate shares held by the trust. Plaintiff is a minority shareholder in the close corporation, as well as a beneficiary of the trust, and has sued defendant, claiming that the trust’s shares were voted in a manner detrimental to her minority interest, and in breach of defendant’s fiduciary duty as a majority shareholder. Defendant argues that he had no authority to affect the voting of the shares because he is the non-family member trustee; therefore, he cannot, as a matter of law, be liable to plaintiff for breach of fiduciary duty in the respect claimed.
Trustees owe a fiduciary duty to their beneficiaries, but they may also owe a fiduciary duty to others through their role as trustee. For example, to the extent that a trustee holds, and therefore controls, the majority of a corporation’s shares in trust, he has the same duties other majority shareholders would have to their fellow shareholders. This case, however, is complicated by the delegation of the voting power to one trustee. The Restatement of Trusts (Second) informs this court’s analysis of the duties of a trustee who is required, by agreement, to follow the direction of another. Section 185 states that “If under the terms of the trust, a person has power to control the action of the trustee in certain respects, the trustee is under a duty to act in accordance with the exercise of such power, unless the attempted exercise of the power .. . is a violation of a fiduciary duty to which such person is subject in the exercise of the power.”
The family member trustee, in controlling the majority shares held by the trust, has a duty of “utmost good faith and loyalty” to plaintiff, as a minority shareholder in the close corporation. Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 593 (1975). Plaintiff claims that the trust shares were voted in a way which allowed her brother, a corporate *491 director who is also a defendant in this case, to continuously squander corporate assets and opportunities, and that defendant has failed to question or oversee the actions of this director while serving as trustee. While defendant himself had no control over the corporate shares held by the trust, he knew, or should have known, that his co-trustee did have such control. Comment “e” to §185 of the Restatement states, “If the trustee has reason to suspect that the holder of a power is attempting to exercise it in violation of a fiduciary duly to which the holder is subject in the exercise of the power, the trustee is under a duty not to comply and may be liable if he does comply.” The question then becomes, did defendant know, or should he have known, that his co-trustee’s exercise of control over the corporate shares was a breach of that co-trustee’s duty to plaintiff.
Plaintiff has put forth allegations to the effect that the family member trustee is suffering from Alzheimer’s disease and is completely dominated by her son, the corporate director who allegedly controls, and has been abusing his role in, the corporation. Plaintiff further alleges that defendant has regularly allowed this director to vote the trust shares by proxy, “without question or oversight.” If these allegations are proven at trial, an inference that defendant knew, or should have known, that his co-trustee’s surrender of control over the shares to her son, and failure to exercise any care over how the shares were voted, could be a violation of her duly to other shareholders. Because of defendant’s alleged failure to intervene when his co-trustee failed to act consistently with her fiduciary to plaintiff, he too may be liable to plaintiff.
Plaintiff has stated a claim for which relief could be granted; therefore, defendant’s motion to dismiss is DENIED.